UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACY LANG, | ) | Case No.: 1:09 CV 1412 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| CROCKER PARK LLC, *et. al.*, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Plaintiff Stacy Lang brings the instant action against Defendants Crocker Park, LLC ("Crocker Park"); Robert L. Stark Enterprises, Inc.; and the City of Westlake. Pending before the court is Defendant City of Westlake's Motion to Dismiss (ECF No. 21) in which the Defendant City of Westlake has joined. (ECF No. 24). For the following reasons, the court denies Defendants' Motion to Dismiss. (ECF No.21)

## I. BACKGROUND

### A. Facts

Crocker Park is a residential and commercial neighborhood in Westlake, Ohio, which contains "retail establishments, commercial offices, residential housing, and public gathering areas." (Am. Compl. ¶ 9, ECF No. 14.) Plaintiff visits Crocker Park and has a "multiple sclerosis-like

illness," which causes her to have difficulty walking. (Am. Compl. ¶ 8.) The City of Westlake, Ohio maintains some control of the streets within Crocker Park. (Am. Compl. ¶ 10.)

Crocker Park has parking garages and parking lots with parking spaces reserved for the disabled. (Am. Compl. ¶ 13.) Crocker Park designed its streets to have on-street parking, which it maintains, along the curbs of the streets adjacent to Crocker Park's commercial and residential buildings. (Am. Compl. ¶ 14.) The city has some responsibility for maintaining the streets and the parking spaces that line them. (Am. Compl. ¶ 15.) Crocker Park does not provide on-street parking for the disabled around its establishments. (Am. Compl. ¶ 16.) Plaintiff claims that she has been prevented from accessing certain establishments in Crocker Park because there is no on-street parking for the disabled and the disabled spaces in the garages and lots force her to travel too great of a distance to reach certain buildings. *Id.*

### B. Procedure

This action was filed on June 21, 2009, and the Complaint was amended on November 10, 2009, to add the City of Westlake as a defendant along with the other defendants. On July 28, 2008, Plaintiff voluntarily dismissed Count Three of her claim, alleging a sham legal process (Mot. for Dismissal of Claim, ECF No. 4; Order, ECF No. 4-1). Remaining before the court are the following claims: (1) the private defendants have violated Title III of the ADA, 42 U.S.C. § 12182, *et seq.*, and the city has violated Title II of the ADA, 42 U.S.C. § 12132, *et seq.*, by failing to provide on-street parking for the disabled; and (2) Defendants intentionally discriminated against Plaintiff by violating the aforesaid provisions of the ADA after they or their agents were informed that their parking

scheme was in violation of the ADA. (Am. Compl. ¶¶ 19, 22[1].) Plaintiff seeks a declaration that Crocker Park's parking scheme violates the ADA, a permanent injunction requiring Defendants to install and maintain on-street parking for the disabled, an award of attorney fees, and compensatory and punitive damages. (Am. Compl. ¶ ¶ 20, 23.)[2] Defendant City of Westlake filed a Motion to Dismiss on January 15, 2010, which was joined by Defendant Crocker Park on January 27, 2010.

## II. STANDARD

In ruling on Defendants' Motion to Dismiss, the court examines the legal sufficiency of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and recently in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) clarified the law regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a Complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A

---

[1]  Plaintiff's amended complaint appears to be numbered incorrectly after ¶ 21. What should be ¶ 22 is numbered as ¶ 19.

[2]  What should be ¶ 23 is numbered as ¶ 20.

court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 129 S.Ct. at 1949, further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

### III. LAW AND ANALYSIS

Under Title II of the ADA, a public entity cannot deny any qualified disabled person the "benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132, *et seq*. Also, Title III of the ADA states that public accommodations cannot deprive persons of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation" based on their disability. 42 U.S.C. § 12182(a), *et seq*. In order to survive a motion to dismiss, Plaintiff's complaint must demonstrate that she could plausibly show that she was denied the full benefits of Crocker Park by the city and she was deprived of equal enjoyment of Crocker Park by the private Defendants. *See Badri v. Huron Hosp.*, No. 1:08CV1913, 2010 U.S. Dist. LEXIS 11627, at *17 (N.D. Ohio Feb. 10, 2010); *Jones v. City of Monroe*, 341 F. 3d 474, 277 (6th Cir. 2003).

Plaintiff alleges that she has been prevented from enjoying certain establishments because while Crocker Park provides on-street parking near these establishments, there are no on-street

disabled parking spaces. Defendants maintain in their Motion to Dismiss, that Plaintiff does not state a plausible claim for relief because there is no regulation or statute requiring Westlake or Crocker Park to provide accessible on-street parking. Defendants assert that because the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), which provides guidelines for entities to make sure their establishments are accessible to those with disabilities (36 C.F.R. Part 36 App. A § 1), only pertain to parking lots and garages, not to on-street parking. Thus they have not violated any regulations. They also cite the "Americans with Disabilities Act: Guide for Small Towns" ("Guide for Small Towns"), which says, "[t]he ADA standards have technical requirements for parking lots and garages but no technical requirements for the design of on-street parking." U.S. Dept. of Justice, Dept. of Justice ADA Guide for Small Towns (2000), http://www.ada.gov/smtown.htm. A reading of that statement in context clearly reveals that it pertains only to the "design" of the parking.

Defendants are correct that there is no express requirement to provide on-street parking in the ADAAG. However, if the Defendants are going to provide on-street parking to the non-disabled, they may be required to provide disabled parking as well. The ADAAG requires that in new construction:

> [i]f parking spaces are provided for self-parking employees, visitors, or both, then accessible spaces complying with 4.6 shall be provided in each such parking area in conformance with the table below. Spaces provided need not be provided in each such parking area in the particular lot. They may be provided in a different location if equivalent or greater accessibility, in terms of distance from an accessible entrance, cost and convenience is ensured.

28 C.F.R. Part 36 App. A § 4.1.2(5)(a). Defendants have failed to demonstrate that this provision is inapplicable to the situation at hand. It is undisputed that Crocker Park is considered a "new

construction," and even though the table refers to "lots," as opposed to on-street parking, the ADAAG text appears to encompass any given "parking area."*Id*. The provision references § 4.6, which dictates the number of required disabled spaces in a "lot" as it corresponds to each amount of non-disabled spaces. When read in context with the requirements of the ADA this court concludes that this provision suggests that while on-street parking is not required, Defendant may be required, under certain circumstances, to provide on-street parking for those who are disabled when they provide on-street parking for non-disabled visitors.

Thus, Defendant's contention that Crocker Park maintains disabled parking in several lots and garages does not conclusively establish that Plaintiff has not stated a claim upon which relief can be granted. The above-cited ADAAG provision indicates that if disabled spots are provided in locations separate from non-disabled spots, the disabled spots must be in locations that are of "equivalent or greater accessibility,...cost and convenience." *Id*. It is possible that Plaintiff could provide evidence, through discovery, showing that disabled parking in these lots or garages in a manner provide for equal accessibility, cost or convenience. As stated above, the Guide for Small Towns, which states that there are no technical requirements for on-street parking, may not be properly read to address the issue of whether, or under what circumstances, on-street parking may be required. The city is still required under Title III to provide equal access to the disabled, Crocker Park may not deprive the disabled of full and equal enjoyment of their establishments under Title II, and Plaintiff could plausibly show that she is not being afforded equal access and/or enjoyment of Crocker Park.

Defendants cite *Daubert v. City of Lindsay*, No. 1:08cv01611 DLB, 2009 U.S. Dist. LEXIS 109063 (E.D. Cal. Nov. 23, 2009), in support of their Motion to Dismiss, where a California District

-6-

Court stated, "the Court has not found any instances of ADA liability where there is not a specific, corresponding regulation." *Id.* at *12. *Daubert* is easily distinguishable from the instant case. In *Daubert*, a plaintiff alleged that while the city provided disabled on-street parking, the parking did not comply with ADAAG requirements. *Id.* at *11. The plaintiff was not contesting the complete absence of disabled on-street parking, as the city added disabled on-street spaces after the initiation of the lawsuit. *Id.* at **11-12 The court concluded that there are no ADAAG requirements for on-street parking, and the "requirements are specific to parking lots and on-site parking." *Id.* at *11. The court would not hold the city liable because there were no regulations for the city to use as guidance on the issue and it would not assume that the requirements for parking lots and on-site parking would be the same as those used for on-street parking. *Id.* at *12. The court stated that "[t]here are likely different considerations for on-street parking, the most obvious of which is the smaller amount of space within which to work imposed by the characteristics of an active street." *Id.* This reasoning suggests that the court was only referring to technical requirements, like size and number. The court does not say that because there are no requirements for on-street parking, on-street parking for the disabled could never be required under any circumstances. In the instant case, there is a specific regulation, ADAAG Part 36 Appendix A § 4.1.2(5)(a), that may be applicable.

Defendants also cite *Jones v. City of Monroe*, 341 F.3d 474 (6th Cir. 2003), in support of their position. In *Jones*, the plaintiff, a disabled person, sought free all day parking next to her place of employment. *Id.* at 475. The city provided free parking for one hour in a lot near her building with accessible spaces for disabled and non-disabled persons, and free parking all day with spaces for disabled and non-disabled persons in a lot two blocks away. *Id.* The court concluded that the plaintiff's rights were not violated because she had the same access to free one hour downtown

-7-

parking in front of her work as did other persons. *Id.* at 478. The court stated that Jones "does not have a right to free downtown parking that allows her access to her destination of choice." *Id.* at 479. Other workers had no such right. This case is easily distinguishable from the instant case, as the instant case deals with a situation where the Defendants chose to provide on-street parking but maintain *no* on-street disabled spaces. In contrast, the plaintiff in *Jones* wished to turn a one hour disabled parking spot into an all day spot and the court rightfully concluded that the law does not support such a requirement. There is clearly an allegation of disparate treatment present in Crocker Park that was not present in *Jones*. While it is true that disabled persons do not have a right to park anywhere they wish, they do have a right to equal access to public facilities. 42 U.S.C. § 12182(a), *et seq*.

> Defendants also point to the following provision of the ADAAG in support of their motion:
>
>> Accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance. In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the parking facility. In buildings with multiple accessible entrances with adjacent parking, accessible parking spaces shall be dispersed and located closest to the accessible entrances.

28 C.F.R. Part 36 App. A § 4.6.2. Defendants maintain that because they have provided disabled parking in their lots and garages, they have complied with the ADA. However, their purported compliance with this guideline cited above does not mean that they could not be in violation of other legal requirements. Additionally, it remains in dispute whether the disabled spots provided are on the closest accessible route.

Defendants have pointed to no provision that forecloses Plaintiff's claims as a matter of law. Plaintiff could plausibly provide support which demonstrates that she is being deprived of equal

access and enjoyment of Crocker Park establishments and that the disabled parking that the Defendants provide does not comply with the ADAAG. Defendants have failed to show that they could not plausibly be liable under all applicable provisions of the ADAAG.

### IV. CONCLUSION

For the foregoing reasons, the court denies Defendants' Motion to Dismiss (ECF No. 21; ECF No. 24).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

August 20, 2010