UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACY LANG, | ) | Case No.: 1:09 CV 1412 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| CROCKER PARK, LLC, *et al.*, | ) | |
| Defendants | ) | <u>ORDER</u> |

Defendants Crocker Park, LLC ("Crocker Park") and the City of Westlake ("Westlake" or the "City") (collectively, "Defendants") have filed Defendants' Joint Combined Motion to Certify Order for Interlocutory Appeal and To Stay Proceedings ("Motion") (ECF No. 36). For the reasons stated herein, the court denies Defendants' Motion.

## I. FACTS AND PROCEDURAL HISTORY

### A. Facts

Crocker Park is a residential and commercial neighborhood in Westlake, Ohio, which contains "retail establishments, commercial offices, residential housing, and public gathering areas." (Am. Compl., ECF No. 14 ¶ 9.) Stacy Lang ("Plaintiff") visits Crocker Park and has a "multiple sclerosis-like illness," which causes her to have difficulty walking. (Am. Compl. ¶ 8.) Westlake maintains some control of the streets within Crocker Park. (Am. Compl. ¶ 10.)

Crocker Park has parking garages and parking lots each with parking spaces reserved for the disabled. (Am. Compl. ¶ 13.) Crocker Park designed its streets to have on-street parking, which it

maintains, along the curbs of the streets adjacent to Crocker Park's commercial and residential buildings. (Am. Compl. ¶ 14.) The City has some responsibility for maintaining the streets and the parking spaces that line them. (Am. Compl. ¶ 15.) Crocker Park does not provide on-street parking for the disabled around its establishments. (Am. Compl. ¶ 16.) Plaintiff claims that she has difficulty accessing certain establishments in Crocker Park because there is no on-street parking for the disabled and the disabled spaces in the garages and lots force her to travel too great a distance to reach certain buildings. *Id.*

### B. Procedure

This action was filed on June 21, 2009, and the Complaint was amended on November 10, 2009, to add the City of Westlake as a defendant along with the other defendants. On July 28, 2008, Plaintiff voluntarily dismissed Count Three of her claim, that alleged a sham legal process. (Mot. for Dismissal of Claim, ECF No. 4; Order, ECF No. 4-1.) All that remains before the court are the following claims: (1) the private defendants have violated Title III of the Americans with Disabilties Act of 1990 ("ADA"), 42 U.S.C. § 12182 *et seq.*, and the City has violated Title II of the ADA, 42 U.S.C. § 12132 *et seq.*, by failing to provide on-street parking for the disabled; and (2) Defendants intentionally discriminated against Plaintiff by violating the aforesaid provisions of the ADA after they or their agents were informed that their parking scheme was in violation of the ADA. (Am. Compl. ¶¶ 19, 22[1].) Plaintiff seeks a declaration that Crocker Park's parking scheme violates the ADA, a permanent injunction requiring Defendants to install and maintain on-street parking for the

---

[1] Plaintiff's amended complaint appears to be numbered incorrectly after ¶ 21. What should be ¶ 22 is numbered as ¶ 19.

disabled, an award of attorney fees, and compensatory and punitive damages. (Am. Compl. ¶ 23.)[2] The City filed a Motion to Dismiss on January 15, 2010, which was joined by Crocker Park on January 27, 2010. On August 20, 2010, this court denied Defendants' Motion to Dismiss ("Order"). (Order, ECF No. 25.) The court held that Defendants have failed to show that they could not plausibly be liable under any of the applicable provisions of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). (Order at 9.) Specifically, the court indicated that Defendants could be liable under ADAAG Part 36 App. A § 4.1.2(5)(a) and 42 U.S.C. § 12182(a), *et seq*. On January 20, 2010, Defendants filed the currently pending Joint Combined Motion to Certify Order for Interlocutory Appeal and to Stay Proceedings. (Mot. to Certify Order, ECF No. 36.)

## II. STANDARD

A court may certify questions of law for immediate interlocutory appeal where the order appealed: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). A controlling question of law exists where a question is potentially dispositive of a case or could result in a reversal of judgment after a final hearing. *Liberte Capital Grp. v. Capwill*, 299 F. Supp. 2d 799 (N.D. Ohio 2002); *see also Carothers v. Rice*, 633 F.2d 7 (6th Cir. 1980). Substantial ground for differences of opinion exists where few cases have addressed a legal question and appear to have reached different conclusions or when a court's holding is novel. *Nguyen v. City of Cleveland*, 138 F. Supp. 2d 938, 939 (N.D. Ohio 2001) (". . . because so few cases have addressed the question, and because the Court's holding is novel,

---

[2] Plaintiff's amended complaint appears to be numbered incorrectly after ¶ 21. What should be ¶ 23 is numbered as ¶ 20.

the court finds that there is a substantial ground for differences of opinion"). An appeal will materially advance the ultimate termination of the litigation if "certification [for the interlocutory appeal] will permit outcome-determinative legal issues to be resolved before the parties and the [c]ourt expend valuable resources on further litigation." *JP Morgan Chase Bank, N.A. v. First American Title Ins. Co.*, 725 F. Supp. 2d 619 (E.D. Mich. 2010) (citing *Simon v. Brentwood Tavern, LLC (In re Brentwood Golf Club, LLC)*, 329 B.R. 239, 242 (E.D. Mich. 2005)). However, appeals under § 1292(b) are to be used sparingly, in exceptional cases. *Cardwell v. Chesapeake & Ohio Ry.*, 504 F.2d 444, 446-47 (6th Cir. 1974). Ultimately, allowing certification of an interlocutory appeal lies within the discretion of the district court. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

### III. LAW AND ANALYSIS

#### A. The Order Involves A Controlling Question of Law

Defendants have asserted that the following question is suitable for immediate appeal to the Sixth Circuit:

> Whether Plaintiff, Stacy Lang, states a claim against Defendants, Crocker Park, LLC and the City of Westlake, upon which relief may be granted under Titles II and/or III of the Americans with Disabilities Act ("ADA") and its regulations, where she alleges that Defendants failed to provide accessible *on-street* parking spaces at the Crocker Park commercial and residential complex (where on-street parking spaces are otherwise provided) even though a requisite number of accessible parking spaces are provided in the surface lots and parking garages at the complex.

(Mot. to Certify Order, at p. 1.) To comport with 28 U.S.C. § 1292(b), a question of law must be a controlling question to be certifiable for immediate interlocutory appeal. *See Nguyen*, 138 F. Supp. 2d 938, 939; *White*, 43 F.3d 374. Defendants correctly note that a question of law constitutes a

-4-

"controlling" question within the meaning of U.S.C. § 1292(b) when it requires reversal on appeal if incorrectly decided, or when it would materially affect the outcome of the case. *APCC Servs., Inc. v. Sprint Commc'ns Co., L.P.*, 297 F. Supp. 2d 90, 96 (D.D.C. 2003); *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992).

Here, the question is controlling. If the ADA and its regulations do not, under any circumstance, require the provision of accessible on-street parking spaces where accessible parking is provided in surface lots and parking structures, Plaintiff will have failed to state a claim under Titles II and III of the ADA, and Plaintiff's action will be dismissed. Conversely, if Defendants are required to accommodate on-street parking under these circumstances, then Plaintiff has a viable cause of action. This question is thus outcome determinative because if decided wrongly, it would require a reversal on appeal and further, its answer would materially affect the outcome of this case. Therefore, the court concludes that the question of law involved in the court's Order and identified by Defendants is a controlling question within the meaning of 28 U.S.C. § 1292(b).

### B. Substantial Ground for Difference of Opinion Is Not Present

Defendants posit that the language used by the court in its Order is intentionally equivocal in recognition of the fact that certain provisions of the ADAAG are susceptible to competing interpretations. (Mem. in Supp. of Mot. to Certify Order, at p. 6.) In support of this contention, Defendants emphasize the court's use of the word "plausibly." *Id.* Defendants also cite the court's use of the phrase "may be" as further evidence of the court's equivocation. *Id.*

However, a plaintiff's claim survives a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While Defendants may

take issue with the equivocal nature of the word "plausibly," the fact remains that the analysis of a complaint under a motion to dismiss pertains to the plausibility standard. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949. Thus, the word "plausibly" is not used in the Order to express doubt about the court's own interpretation of the relevant statutes, but rather is used in the context of applying the correct legal standard. Further, the court used "may be" regarding certain regulations and Defendants' obligations arising under those regulations because the applicability of those regulations or obligations to the present case hinges on questions of fact. As it is neither possible nor appropriate to make these determinations of fact at this point in the proceedings, the court used "may be" to express its reliance on future factual determinations.

Defendants point out that it appears that no court, let alone the Sixth Circuit, has ruled on the issue Defendants urge the court to certify. (Mem. in Supp. Mot. to Certify, at p. 7.) Defendants maintain that the substantial ground for the difference of opinion requirement of § 1292(b) is met if the court's decision raises "questions which are novel, or involve matters of first impression." *Gionis v. Javitch, Block and Rathbone*, 405 F. Supp. 2d 865, 873 (S.D. Ohio 2005). However, courts have also noted that the fact that a court addressed an issue of first impression does not demonstrate the existence of substantial ground for difference of opinion. *See Baden-Winterwood v. Life Time Fitness*, No. 2:06-CV-99, 2007 WL 2326877, at *3; *Atlas Lederer Co.*, 174 F. Supp. 2d at 669 (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (noting that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion")). Rather, the court should analyze the strength of the arguments in opposition to the challenged ruling when deciding whether there is truly substantial ground for dispute. *Max Daetwyler Corp. v. Meyer*, 575 F. Supp. 280, 283 (E.D. Pa. 1983).

In the present case, Defendants disagree with the court's finding in its Order denying Defendants' Motion to Dismiss that the text of 28 C.F.R. Part 36 App. A § 4.1.2(5)(a) encompasses any given "parking area," arguing instead that the provision's reference to § 4.6 (which refers to "lots") excludes on-street parking from the statutory definition of "parking area." Still, as the court noted in its Order, the ADAAG provision cited above indicates that if accessible spots are provided in locations separate from non-accessible spots, the accessible spots must be in locations that are of "equivalent or greater accessibility, . . . cost and convenience." (Order at p. 6.) Defendants maintain that "substantial grounds for difference of opinion may exist when the court is faced with issues of statutory interpretation that are somewhat novel and complex." *N.J., Dept. of Treasury, Div. of Inv. v. Fuld*, Civ. No. 09-1629, 2009 WL 2905432, at *2 (D.N.J. Sept. 8, 2009). However, the court finds that neither the complexity of the statutory interpretation issue nor the strength of Defendants' arguments rise to the level that would warrant certification of this issue for immediate interlocutory appeal. Because 28 U.S.C. § 1292(b) is a rare exception to the final judgment rule, courts have noted that it is "not intended merely to provide an avenue for review of difficult rulings in hard cases." *Equal Emp't Opportunity Comm'n v. Allstate Ins. Co.*, No. 4:04cv01359, 2007 WL 38675, at *4 (E.D. Mo. Jan. 4, 2007) (quoting *Fed. Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F. Supp. 616, 620 (D. Wis. 1985)). The dearth of cases treating this issue is not, by itself, sufficient to show that substantial ground for difference of opinion is present in this case, despite the fact that Defendants disagree with the court's interpretation of the statute. Additionally, the statutory language is not so complex that the court is compelled to submit the issue to the Sixth Circuit. Therefore, the court finds that, while there may be disagreement among the parties on the interpretation of the ADA

for the purposes of certifying the appeal under § 1292(b), substantial ground for difference of opinion is not present in this case.

### C. The Case Is Not Exceptional Such That Material Advancement of the Ultimate Termination of the Litigation Warrants Certifying the Appeal

Whether certifying the appeal would materially advance the ultimate termination of the litigation is an inquiry that has much in common with whether the question of law is controlling. Courts have noted that "the requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *City of Dearborn v. Comcast of Mich. III, Inc.*, No. 08-10156, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008) (citing *Phillip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997)). As noted above, the court found that the issue presented by Defendants is a controlling question of law. Similarly, if the Sixth Circuit decided the issue differently, granting Defendants' Motion to Dismiss would irrefutably advance the termination of the litigation.

However, the significance of considering whether an appeal would materially advance the ultimate termination of the litigation lies in whether exceptionally expensive and protracted litigation may be avoided. *See Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir.1979); *Berry v. Sch. Dist. of Benton Harbor*, 467 F. Supp. 721, 727 (W.D. Mich. 1978) (denying certification for interlocutory appeal, and noting that such appeals should be used only in extraordinary cases in which the appeal might avoid protracted and expensive litigation). Even where substantial ground for difference of opinion is present, which is not the case here, certification for appeal may nonetheless be inappropriate. Here, Defendants caution that, absent appellate review, this case will proceed with discovery, depositions, motion practice "and may even reach trial and appeal." (Mot. to Certify Order, at p. 8.)

Thus, Defendants contend that certification of Defendants' question for appeal would save time, expense and judicial resources. *Id.* Yet time, expenses, and judicial resources are involved in all cases, and Defendants have failed to persuasively show how this case requires exceptional expenses and time to warrant a certification of appeal. Further, the Order from which Defendants seek to appeal was issued on August 20, 2010, and the Defendants filed the within Motion on January 20, 2011, five months after the Order was issued. While Defendants contend that Plaintiff did not suffer any prejudice as a result of this delay, the court notes that the parties had begun discovery. (*See* ECF Nos. 27, 32, 34.) Thus, Defendants' argument that certification of the appeal would serve the important purpose of saving litigants time and resources is weakened by Defendants long delay in filing the Motion, particularly after more time and resources had already been devoted to the case by the court and the parties.

## IV. CONCLUSION

The court is unconvinced that the present case is so exceptional that it warrants an immediate interlocutory appeal. As the court found in *Mazzella v. Stineman,* 472 F. Supp. 432, 435-36 (E.D. Pa. 1979), "the savings that would result from the possible avoidance of an unnecessary second trial is not so significant as to warrant allowance of an immediate appeal." It is well-established that all three statutory requirements must be met for the court to certify an appeal under §1292(b). *White*, 43 F.3d at 376. There is no substantial ground for difference of opinion, and Defendants have not established that allowing such an appeal will save time, expenses and resources. For the foregoing

reasons, the court hereby denies Defendants' Joint Combined Motion to Certify Order for Interlocutory Appeal and To Stay Proceedings. (ECF No. 36.)

       IT IS SO ORDERED.

                                        /s/ *SOLOMON OLIVER, JR.*
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

July 29, 2011